The STATE, use of JOHN R. DRAPER and wife, administrator of SAMUEL RATCLIFFE, deceased, *vs.* PHILIP SHORT.

The same *vs.* LISTON A. HOUSTON.

The same *vs.* WILLIAM WALTON.

In debt on administration bond, the defendant cannot give outstanding debts in evidence under a plea of *performance*.

In debt on a bond with collateral condition, if the narr. assign breaches, *performance* is not a good plea, and may be demurred to.

If the narr. do not assign a breach, *performance* will do; as it drives the plaintiff to assign his breaches in the replication.

Outstanding debts must be *pleaded*.

Matter excusing non-*performance* cannot be given in evidence under a plea of performance.

DEBT on administration bond.

This was an action of debt in the name of the state, for the use of the administrators of Samuel Ratcliffe, deceased, on an administra-

tion bond, executed by James B. Jester, administrator of William E. Jester, and by these defendants as his sureties. The plaintiff had recovered a judgment against the estate of William E. Jester, for the non-payment of which the present action was brought.

The declaration set out the bond and condition, and assigned several breaches thereof; to which the defendant pleaded "performance, set-off, and the act of limitation," general replications, and issues.

The plaintiffs proved the execution of the bond, and the recovery of a judgment on an award, at the suit of John R. Draper, administrator, in right of his wife Rachel, of Samuel Ratcliffe, deceased, against Susannah Jester, and James B. Jester, administrators of William E. Jester, deceased, for the sum of $420 97. The reference was entered into on the 8th June, 1835, award made 20th June, and judgment rendered the 14th of October of the same year. The plaintiff then exhibited an administration account on the estate of William E. Jester, passed on the 11th August, 1836, showing a balance due from the administrators of $811 27. And he here closed his case.

On the 8th of June, 1835, there were *five* amicable actions entered into by the administrators of Jester with sundry persons, amongst whom was the plaintiff; but he stood the last in the order of the entry on the docket. The same set of referees was agreed upon for all the cases. The report was made in all the cases at the same time, (20th June,) and they were read and judgment rendered by the court on the same day, (14th October,) in the order in which they were docketted. The aggregate amount of the first four judgments was $641 95.

The defendant now offered these four judgments in evidence, as debts of prior dignity, and having a preference to the above judgment, at the suit of plaintiffs. They were objected to.

*Brinckloe.*—The evidence is not admissible under the pleadings in the cause. There is no plea of outstanding debts, or of debts of prior or superior dignity. Had these judgments been pleaded, we might have controverted them, and perhaps shown that some of them were fraudulently obtained, or were paid. The evidence offered is at best an excuse for the non-performance of their bond, when their plea is performance.

*Frame* and *Ridgely*, contra. The only question in the cause is, as to the application of the assets of this estate. We insist that the evidence offered is strictly admissible. It is a matter that goes to show performance; which plea puts in issue every matter denying the

plaintiff's right to recover. The narr. must alledge that there are assets in hand applicable to the plaintiff's claim; the evidence now offered, goes to deny this averment, because it shows that these assets are applicable to prior judgments. This is not a suit against the administrator as such, seeking to charge him personally, and in which the plea would be plene administravit, or plene administravit præter debts outstanding; but this is a case in which the plaintiff undertakes to show that there are assets in the administrator's hands applicable to his judgment. The evidence offered bears directly on this point. The action also is against sureties. What are they to show? That they have performed their bond; that the administrator has paid all that is applicable to plaintiff's claim, and the existence of these judgments goes to show it. Suppose the plea of " performance," which is put in in short, was drawn out, would it not set out all these judgments? And if not under performance, under what plea could they be brought in? There can be no more general denial of the plaintiff's cause of action. If there are judgments enough of an older date than plaintiff's, to consume all the assets, how can the defendant be said to have broken his bond by not paying this? The plaintiff has not demurred to the general plea of performance; and under it we have the right to show any thing that negatives a breach of the condition of the bond.

*Brinckloe,* in reply, cited *Roscoe Evid.* 470, 471; *Bull. N. P.* 141; 1 *Saund.* 333, (*n*,) to show that under a plea of plene administravit, the defendant could not give in evidence outstanding debts of a higher nature; and he argued that the plea of performance could not be more extensive than plene administravit.

*Per curiam.*

HARRINGTON, *Justice.*—The evidence now offered raises the question, whether a general plea of performance to a declaration in debt on an administration bond setting out particular breaches, is a sufficient answer to the declaration; and if under such a plea the defendant may give in evidence outstanding debts of equal or prior dignity. It necessarily comes to this point, for we understand that these judgments are not offered for the purpose of showing that they have been paid, but it is insisted that, being debts of equal or prior grade, the assets in defendant's hands are applicable to them; and that it is enough for the defendant to show that they are so applicaeable to sustain his plea of performance.

The usual course of pleading in actions on bonds with a collateral condition, is to declare merely for the penalty; when the defendant (after setting out the condition on oyer) may reply performance

generally; for the plaintiff, not having assigned any particular breach, is sufficiently answered by such general plea. The plaintiff is then forced to a more particular assignment in his replication; for he dare not go to issue on this general pleading. After the assignment of a particular breach in the replication, the defendant may not again plead performance generally, but is compelled to make a specific answer. And this is equally so whether the assignment of a particular breach be made in the replication, or in the narr., as the plaintiff may by the rules of pleading make it; which produces an earlier issue, as there can be no general plea of performance after an assignment of a particular breach.

The pleading in this case is in short; and that, perhaps, has occasioned the doubt as to the competency of this evidence. Not being drawn out, we are to consider it as containing all the requisites of a general plea of performance in its perfect shape, and then what is it? " That the defendant hath kept and performed all the covenants on his part to be performed, contained in the condition of his bond." Now what kind of an answer is this to the present declaration? It sets out a bond with condition well and faithfully to administer the goods and chattels of the intestate according to law: it avers that a judgment was recovered at the suit of the plaintiff against the estate of the intestate for $420 97, and that assets sufficient to pay said judgment have come to the hands of defendants to be administered according to law; and concludes with a breach that they have not paid the said judgment. The answer to this breach is, that the defendant hath kept and performed all the covenants on his part to be performed contained in the condition of his bond; which totally overlooks the particular breach, and merely affirms a general performance without showing the manner or particulars of it. It is in substance that he hath well and faithfully administered the goods of his intestate, which is the general obligation of his bond. It can amount to no more than a plea of plene administravit, or a plea of non devastavit; and it is well established that under such pleas the defendant cannot give in evidence outstanding debts of a higher nature. (*Roscoe,* 470; *Bull. N. P.* 141; 2 *Saund. R.* 50, *n*; 2 *Stark. Ev.* 322.) All the purposes of certainty in pleading, and notice to the other party, would be violated by the admission of such evidence. If the defendant do not mean to rely on an actual administration of the assets, but refuses payment because there are other debts for which he holds them, the plaintiff has the right to be informed what debts those are, and to controvert them. If the existence of outstanding debts, without showing them, be an answer to this plaintiff, it would equally be an answer to every other; and the

administrator might retain the assets without applying them to *any* of the debts. The defendant, therefore, is bound to plead these debts specially, that the other side may know what application is to be made of assets which are otherwise applicable to his judgment; and he may controvert such debts by showing that they are of inferior dignity, or that they were obtained, or are kept on foot, by *fraud* and *covin.*

In assimilating this plea of performance to a plea of plene administravit, we do not mean to say it is good even to that extent. It is totally inadmissible and bad on demurrer. It is so decided in the *P. M. Genl. vs. Cochran,* 2 *Johns. Rep.* 413, by Kent, Chief Justice, and by Lord Mansfield, in *Sayre vs. Minns,* 2 *Cowp.* 575. You cannot go to issue on a general plea of performance; and the plaintiff, if driven to reply, would have to repeat his declaration. The defendant is bound to meet the allegation of specific breaches by something more than the general plea of performance. Such a plea is not issuable, and it may be demurred to. It is therefore not good, even to the extent of plene administravit; but, supposing it pleadable and good, it amounts to no more than an affirmance by the defendant that he has well and truly administered all the assets of his intestate's estate. What is the evidence now offered in support of this plea? Not the administration of the assets, but certain judgments standing open against the estate. Does this support the plea? By no means. And if it did it would be unjust to the other party to allow of such a defence without notice. Hence the rules of pleading, which will always be found to rest upon good sense, and to tend to the attainment of justice, prohibit the introduction of such testimony without a special plea setting it out on the record, and showing it to the other party.

The proper plea in this case was not a plea of performance, but a plea of outstanding debts, which is an *excuse for non-performance.* The declaration assigns breaches generally and specially on the bond, averring, among other things, that the administrator " did not well and faithfully administer according to law all and singular the goods and chattels, rights and credits, of said deceased, which came to the possession or knowledge of said administrator." The plea of performance, however, inartificially, yet virtually traverses this breach. The evidence offered can furnish no proof that the administrator had " well and faithfully administered," but the very reverse; for its object is to show that there are other debts, to which the assets ought to have been but have not been applied, and thereby (while admitting that the defendant has not administered) to excuse his non-performance as against the plaintiff. Performance cannot

be given in evidence under a plea admitting and excusing a non-performance; nor can matter which is merely an excuse for non-performance, be shown to sustain a plea averring an actual performance. The two classes of pleas are essentially different in every particular. Performance to a general declaration on a bond with a collateral condition, compels the plaintiff to a special assignment of breaches in his replication; but "if the defendant plead a special matter *that admits and excuses a non-performance*, the plaintiff need only answer and falsify the special matter alledged; for he that excuses a non-performance supposes it, and the plaintiff need not show that which defendant has supposed and admitted; but if defendant plead a performance of the condition, though it be not well pleaded, the plaintiff in his replication must show a breach, for then he has not a cause of action unless he show one." Per Holt, Chief Justice, in *Meredith* vs. *Allen*, 1 *Salk*, 138; 1 *Saund. Rep.* 103, *c.* The plea of outstanding debts of superior dignity would have shown a good legal excuse in the case before the court, as against the creditor suing, for although the defendant could not have justified the withholding payment from the creditors of superior dignity, had they been plaintiffs in the action, and therefore could not set up in *any* action on his bond such a defence as performance or plene administravit; yet he had a right by law to withhold payment from the creditor of inferior dignity, and excuse himself for doing so under a special plea in bar, which would give the plaintiff an opportunity to "answer and falsify the special matter alledged." For forms of pleas of excuse of performance on bonds for performance of covenants, &c., see 2 *Chitty's Plead.* 503, 534; 1 *Saund.* 100; 3 *East*, 485. For pleas of performance, see 2 *Chitty's Pl.* 529, 530, 531.

Evidence rejected.

The plaintiff had a verdict for $470 03, which he entered on the first breach in his narr.

*Brinckloe*, for plaintiff.

*Ridgely* and *Frame*, for defendant.